IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re:<br><br>KPM INVESTMENT O, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-53073-PWB<br><br>(Jointly Administered) |

**SECURED CREDITOR'S SUPPLEMENTAL OBJECTION TO DEBTOR'S
EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

Secured creditor Wilmington Trust, National Association, as Trustee for the Benefit of the Holders of Corevest American Finance 2021-2 Trust Mortgage Pass-Through Certificates ("Lender") hereby supplements it preliminary objection [Docket No. 20] (the "Preliminary Objection")[2] to the *Emergency Motion for Authority to Use Cash Collateral* [Docket No. 13] (the "Cash Collateral Motion") filed by debtor KPM Investment O, LLC ("Debtor" or "Borrower"), and, continues to object thereto as follows:

**Procedural Posture**

1. Debtor commenced its chapter 11 case on March 25, 2024 – one day before the hearing in the State Court Action on Lender's request for the appointment of a receiver. After taking no action in this case for an entire week, Debtor filed the Cash Collateral Motion on April 1, 2024. At the same time, Debtor requested expedited consideration of the Cash Collateral Motion on an "emergency" basis citing a need to pay expenses and make payroll on April 4, 2024. *See* Docket No. 14 (Debtors' *Motion for Expedited Hearings on First Day Motions*).

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: KPM Investment O, LLC (6999) and KPM Investment B, LLC (0596).

[2] Capitalized terms not otherwise defined herein are intended to have the meaning set forth in the Preliminary Objection.

610182288                                - 1 -

2. Lender filed its Preliminary Objection to the Cash Collateral Motion on April 2, 2024. As set forth more fully in the Preliminary Objection, Lender objects to Debtor's use of Cash Collateral because, amongst other things, Debtor cannot adequately protect Lender's interests from diminishing in value. Indeed, the only form of adequate protection proposed in the Cash Collateral Motion – Adequate Protection Liens on replacement collateral – is insufficient given that these cases are already administratively insolvent.

3. On April 3, 2024 – after Lender filed its Preliminary Objection and one day before the "emergency" hearing – Debtor filed the Budget [Docket No. 27] which it omitted from the Cash Collateral Motion and a declaration from Isaac Perlmutter, Debtor's Vice President and Treasurer [Docket No. 29] (the "Perlmutter Declaration").

4. On April 4, 2024, the Court held a hearing to consider the Cash Collateral Motion on an interim basis. During that hearing, Debtor asserted for the first time that Lender's interests in Cash Collateral are adequately protected by Debtor's equity in the collateral properties (*i.e.*, by a sufficient "equity cushion"). Debtor's assertion is based on Mr. Perlmutter's unsupported statement that "the Properties are worth approximately $18 to 20 million[.]" Perlmutter Decl. at ¶ 34.

5. Though it recognized that these cases are "not off to a good start", the Court authorized Debtor to use Cash Collateral on an interim basis limited only to meeting its immediate payroll obligations in an amount not to exceed $13,084.29. *See* Docket No. 35 (the "Interim Cash Collateral Order") at ¶ 2. The Court scheduled a further interim hearing for April 9, 2024, and invited Lender to supplement its Preliminary Objection by April 8, 2024.

**Supplemental Factual Background**

6. As of the Petition Date, the total amount due and owing by Debtor to Lender under the Loan is not less than $14,100,680.34 plus fees, costs, and other changes authorized under the Loan Documents which may continue to accrue (the "Indebtedness Amount"). *See* Proof of Claim No. 5-1.

7. Pursuant to the Loan Documents, the entire Indebtedness Amount is secured by the Security Instruments for the Debtor's four real properties and apartment complexes (generally, the "Collateral Properties"). The approximate aggregate value of the Collateral Properties is not more than $12.55 million. For example, an *Appraisal Report* prepared by CBRE in December 2023 appraised the Collateral Properties at $12,550,000 (the "2023 Appraisal"). Similarly, a *Broker Opinion of Value* prepared by Transwestern in October 2023 opined that the as-is value of the Collateral Properties is $11,827,247 (the "2023 BOV"). Copies of the 2023 Appraisal and the 2023 BOV are attached to the *Declaration of Russ Tuman* as **Exhibit A** and **B**, respectively.

**Supplemental Objection**

8. Debtor has no equity in the Collateral Properties. Consequently, Debtor cannot reasonably argue (let alone actually establish) that Lender's interests in Cash Collateral are adequately protected by an "equity cushion."

9. As noted in the Preliminary Objection, Debtor bears the burden to prove that Lender's interests are adequately protected. 11 U.S.C. § 363(p)(1). In this case, the Cash Collateral Motion fails to identify or propose an equity cushion as a means of adequately protecting Lender's interests. Instead, the purported equity cushion is suggested in the Perlmutter Declaration, which provides an unsupported, conclusory allegation as to the purported value of the Collateral

Properties. *See* Perlmutter Decl. at ¶ 34 ("the Properties are worth approximately $18 to 20 million and therefore a substantial equity cushion exists in this case.").

10. Mr. Perlmutter conclusory statement is insufficient to establish any reasonable (or even estimated) value for the Collateral Properties. Indeed, Mr. Perlmutter provides no basis for the stated valuation range. While "[e]xperience [teaches] that determining the value of real property at any given time is not an exact science", *In re Arnold & Baker Farms*, 85 F.3d 1415, 1421 (9th Cir. 1996), it must be based on more than "pure hopeful speculation." *In re Hollister*, 628 B.R. 154, 160 (Bankr. C.D. Cal. 2021) (denying debtor's motion to authorize post-petition financing because debtor failed to make even an initial showing that interest of secured creditor would be adequately protected and offered only "thin evidence" in the form her own estimate); *see also In re Pac. Lifestyle Homes, Inc.,* 2009 Bankr. LEXIS 711, at *34 (Bankr. W.D. Wash. Mar. 16, 2009) ("speculation does not compensate the Lenders for the present value of the use of their Cash Collateral").

11. Even if Mr. Perlmutter were competent to testify as to the value of the Collateral Properties (he is not), the stated $18-20 million valuation range is not credible given the 2023 Appraisal and the 2023 BOV. In each case, the value of the Collateral Properties is less than $12.55 million – at least $1.4 million *less* the Indebtedness Amount owed to Lender which the Collateral Properties secure.

12. In sum, Debtor has no equity in the Collateral Properties and therefore cannot rely on any alleged equity cushion to adequate protect Lender's interests in Cash Collateral. The proposed replacement Adequate Protection Liens are likewise insufficient because they are illusory. *See Putnal v. Suntrust Bank,* 4 B.R. 285 (Bankr. M.D. Ga. Mar. 28, 2013) ("a replacement lien simply provides no protection for the very real interest the creditor has in accruing rents.").

Since Debtor offers no other form of adequate protection – and in fact cannot provide any – this Court cannot authorize Debtor's use of Cash Collateral.

WHEREFORE, Lender respectfully requests that (i) the Court deny the relief sought in the Cash Collateral Motion; and (ii) the Court grants such other relief in favor of the Lender as may be just and proper under the circumstance.

Respectfully submitted, this 8th day of April 2024.

        **BRYAN CAVE LEIGHTON PAISNER LLP**

        */s/ Christian J. Bromley*
        Christian J. Bromley (Georgia Bar No. 206633)
        1201 W. Peachtree Street, 14th Floor
        Atlanta, Georgia 30309
        Telephone:    (404) 572-6600
        Facsimile:    (404) 572-6999
        Email:    christian.bromley@bclplaw.com

        -and

        Jarret P. Hitchings (Admitted *pro hac vice*)
        One Wells Fargo Center
        301 South College Street, Suite 2150
        Charlotte, North Carolina 28202
        Telephone:    (704) 749-8965
        Facsimile:    (704) 749-8990
        Email:    jarret.hitchings@bclplaw.com

        *Counsel to Wilmington Trust, National Association, as Trustee for the Benefit of the Holders of Corevest American Finance 2021-2 Trust Mortgage Pass-Through Certificates*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| KPM INVESTMENT O, LLC, *et al.*,[1] | Case No. 24-53073-PWB |
| Debtors. | (Jointly Administered) |

## CERTIFICATE OF SERVICE

This is to certify that the 8th day of April 2024, I electronically filed the foregoing **SECURED CREDITOR'S SUPPLEMENTAL OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL** using the Court's CM/ECF filing system, which generated an email notice of the filing, linked to this document, to those parties who receive electronic notices in this case.

Dated: April 8, 2024

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Christian J. Bromley*
Christian J. Bromley (Georgia Bar No. 206633)
1201 W. Peachtree Street, 14th Floor
Atlanta, Georgia 30309
Telephone:   (404) 572-6600
Facsimile:     (404) 572-6999
Email:            christian.bromley@bclplaw.com

*Counsel to Wilmington Trust, National Association, as Trustee for the Benefit of the Holders of Corevest American Finance 2021-2 Trust Mortgage Pass-Through Certificates*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: KPM Investment O, LLC (6999) and KPM Investment B, LLC (0596).

610182288                                       - 6 -